**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **HERMAN J. MADDOX,** *et al.*, | |
| *Plaintiffs,* | |
| **v.** | **Civil No.: 1:21-cv-00611-JRR** |
| **JASON CLEM, M.D.,** *et al.*, | |
| *Defendants.* | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending now before the court is Plaintiffs' Motion to Enforce the Settlement Agreement against Defendants Jason Clem, M.D., and Paul Matera, M.D., at ECF No. 47 (the "Motion"), filed May 14, 2026. Defendants Clem and Matera timely responded by agreed-upon extension on June 29, 2026. (ECF Nos. 51, 52.) No reply was filed. The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

### I.     <u>BACKGROUND</u>

Plaintiffs initiated this action on March 9, 2021, alleging negligence, loss of consortium, Maryland constitutional violations, violation of the Americans with Disabilities Act, as well as violation of 42 U.S.C. § 1983 and the Eighth Amendment, for actions that arose while Plaintiff Herman Maddox was incarcerated at Eastern Correctional Institution. (ECF No. 1.) Plaintiffs assert that on February 6, 2023, the parties reached a settlement in the amount of $285,000 "payable in 3 equal monthly installments, the first of which will occur no later than 30 days from . . . receipt of the signed Release." (ECF No. 47-1.) The document Plaintiffs offer as the enforceable settlement agreement (ECF No. 47-2 at pp. 3-11) defines "Released Parties" to include, *inter alia*, Defendants Clem and Matera, *id.* at p. 4; it also provides that "Released Parties agree to pay the sum of Two Hundred Eighty Five Thousand Dollars ($285,000.00) to be paid in equal monthly installments of $95,000, the first of which shall be

due 30 days from receipt of this executed Release agreement and all or other documents necessary to consummate settlement . . . ." (*Id*. at p. 6.)

For their part, Defendants Clem and Matera allow that "[o]n February 6, 2023, counsel for the parties to the litigation reached a settlement agreement" and that "Plaintiffs' counsel was aware that Defense counsel's settlement authority and settlement offers were coming from [Defendant] Corizon [Health, Inc.]," as illustrated by email correspondence in which Plaintiffs' counsel requests "Corizon's best and final settlement offer . . . ." (ECF No. 52 at p. 1, citing ECF No. 47-1 at p. 10.)   Importantly, the settlement agreement Plaintiffs request the court enforce is not executed by Defendant Clem or Defendant Matera (or any other Defendant for that matter).

## II.   <u>APPLICABLE LAW</u>

A motion to enforce a settlement agreement "draws on standard contract principles . . . [and] district courts have inherent authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Lab'ys, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002).  "[T]o exercise its inherent power to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions.   If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement *summarily*.   Instead, when such factual disputes arise, the court must 'conduct a plenary evidentiary hearing in order to resolve that dispute,' and make findings on the issues in dispute.   If a district court concludes that no settlement agreement was reached or that agreement was not reached on all the material terms, then it must deny enforcement." *Hensley*, 277 F.3d at 540–42 (internal citations omitted) (emphasis in original); *see also Davis v. Wash. Metro. Area Transit Auth.*, Case No. TJS 23-1171, 2023 WL 7410855,

at *3–5 (D. Md. Nov. 8, 2023) (citing and relying on *Hensley* and noting that public policy favors enforcement of settlement agreements).

As explained by the Fourth Circuit in *Topiwala v. Wessell*:

> When considering a motion to enforce a settlement agreement, the district court applies standard contract principles. *Bradley v. Am. Household Inc.,* 378 F.3d 373, 380 (4th Cir. 2004). Under Maryland law, a settlement agreement exists if the parties intended to be bound and the agreement's terms are sufficiently definite. *See Cochran v. Norkunas,* 398 Md. 1, 919 A.2d 700, 708 (2007). In determining whether the parties intended to be bound, Maryland law utilizes an objective approach. *Id.* at 709. Under this approach, the court asks what a reasonably prudent person in the parties' position would have understood to be the meaning of the agreement. *Id.* at 710. Where the language of the agreement is unambiguous, Maryland's objective approach requires the court to give effect to the agreement's plain meaning, and not to inquire into what the parties may have subjectively intended. *See id.* at 709. As for definiteness, the parties may be silent with respect to relevant but nonessential terms, and this will not destroy a settlement agreement's enforceability. *See id.* at 708.
>
> A settlement agreement may be enforceable notwithstanding the fact that it is not yet consummated. *See Hensley v. Alcon Labs., Inc.,* 277 F.3d 535, 542 (4th Cir. 2002) (contrasting consummating a settlement agreement from reaching one). Moreover, the fact that a party has "second thoughts" about the agreement's results does not render the agreement unenforceable. *Id.* at 540.

509 Fed. App'x. 184, 186 (4th Cir. 2013).

### III.   ANALYSIS

Plaintiffs ask the court to enforce the Settlement Agreement and Confidential Release of All Claims at ECF No. 47-2 against Defendants Clem and Matera. As noted above, the language of the document defines Released Parties to include Defendants Clem and Matera and provides that Released Parties are to make certain installment payments to Plaintiffs. Importantly, however, neither Defendant Clem nor Defendant Matera is a signatory to the

agreement.  Plaintiffs do not argue the purported agreement suffers from ambiguity or imprecision; and the court discerns no such condition.  Therefore, the court is obliged to give effect to its plain meaning.  Nothing in the agreement bears any indication that it is enforceable as against Defendant Clem or Defendant Matera or that either intended (or agreed) to be bound by its terms.

The court also notes that Plaintiffs expressly seek enforcement of the document at ECF No. 47-2 as against Defendants Clem and Matera; no argument is presented that counsel's email correspondence amounts to an enforceable, albeit unconsummated, settlement agreement as against any Defendant.  The court constrains its analysis accordingly.

Finally, in view of the foregoing, the court need not address Defendants' argument as to the bankruptcy stay; however, the court observes that the Bankruptcy Court issued a notice that all stays were terminated as of March 5, 2026.

For the foregoing reasons, it is this 22nd day of July 2026,

**ORDERED** that the Motion (ECF No. 47) shall be, and is hereby, **DENIED.**

/S/
Julie R. Rubin
United States District Judge

4